# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Prof-2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee,

Plaintiff

v.

SFR Investments Pool 1, LLC; August Belford and Ellingwood Homeowners Association, a Nevada Domestic Non-profit Corporation; Nevada Association Services, Inc., a Nevada Domestic Corporation,

Defendants

Case No.: 2:17-cv-02079-JAD-PAL

**Order Dismissing Claims as Time Barred, Allowing Limited Leave to Amend, and Denying Other Motions as Moot**

[ECF Nos. 11, 24, 25, 31, 32, 40, 52, 53, 56, 57, 58, 60]

Prof-2013-S3 Legal Title Trust brings this diversity action to challenge the effect of the 2013 non-judicial foreclosure sale of the home at 9040 Leland Ranch Avenue in Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage on the property.[1] The Trust sues the Augusta Belford and Ellingwood Homeowners' Association (the HOA), the agent[2] that conducted the foreclosure sale to enforce the HOA's statutorily created lien rights, and SFR Investments Pool I, LLC, who purchased the property at the foreclosure sale. The Trust seeks damages, injunctive relief, and a declaration that its deed of trust was not extinguished by the sale even though Nevada law holds that a properly conducted HOA non-judicial foreclosure sale will extinguish a first deed of trust.[3]

---

[1] ECF No. 1.

[2] The agent, Nevada Association Services, Inc. did not appear, and the Clerk of Court has entered default against it. ECF No. 50.

[3] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

SFR and the HOA move to dismiss the Trust's claims as time barred and otherwise invalid for a host of reasons,[4] and all parties have filed additional motions—to strike, to amend, to substitute parties, and for summary judgment. I find that all of the Trust's claims save its contract-based ones are time-barred, so I grant the motions as to those claims. The contract-based claims hinge on the Trust's ability to claim third-party beneficiary status, but the Trust has not pled any facts to show that it can claim that status, so I dismiss those claims with leave to amend. Since I am allowing amendment anyway, I also grant the Trust's motion to substitute PROF-2013-S3 Legal Title Trust V as the real party in interest. And because the dismissal moots all other pending motions, I deny them as moot.

## Background[5]

The Trust claims that it is the beneficiary of a deed of trust securing a loan on the home at 9040 Leland Ranch Avenue in Las Vegas, Nevada. The Trust contends that the deed of trust was assigned several times, and that the Trust became the beneficiary of this deed of trust via assignment on or about October 19, 2016.[6] The home is located in the Ellingwood at Mountain's Edge common-interest community and subject to the Augusta Belford and Ellingwood Homeowners' Association's codes, covenants, and restrictions (CC&Rs), which require the owners of property within this planned development to pay certain assessments.[7] When the assessments on this home became delinquent, the HOA, through its agent Nevada Association

---

[4] ECF No. 25.

[5] These facts come from the complaint's factual allegations, which I accept as true for purposes of these motions to dismiss. And I find all motions addressed in this order to be suitable for disposition without oral argument. LR 78-1.

[6] ECF No. 1 at ¶¶ 12–19.

[7] ECF No. 1-2 at 14 (Planned Unit Development Rider); ECF No. 1-12 (CC&Rs).

Services (NAS), commenced non-judicial foreclosure proceedings under Chapter 116 of the Nevada Revised Statutes. The foreclosure sale occurred on January 4, 2013.[8]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[9] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 1163.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[10] The Trust alleges that the foreclosure process here was defective for numerous reasons, including that it was done without proper notice, based on an erroneously calculated lien amount, and without affording the Trust's predecessor in interest the opportunity to cure the delinquency, and because NRS 116.3116 violates due process.[11]

The Trust filed this lawsuit on July 31, 2017, four and a half years after the foreclosure sale.[12] It identifies twelve causes of action. Against all defendants it alleges claims for: quiet title/declaratory relief that SFR bought the property subject to the Trust's lien; declaratory relief because NRS 116.3116 violated the Trust's due-process rights; quiet title based on the same due-process violation; unjust enrichment; and tortious interference with contract. Against the HOA it asserts additional claims for wrongful foreclosure; negligence; negligence per se; breach of

---

[8] ECF No. 1 at ¶ 28.
[9] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.
[10] *SFR*, 334 P.3d at 419.
[11] *See generally* ECF No. 1.
[12] *Id*.

3

contract; misrepresentation; and breach of the implied covenant of good faith and fair dealing. It adds a claim against SFR for injunctive relief.[13]

SFR moves to dismiss the Trust's claims as time barred,[14] and the HOA joins in that request.[15] SFR argues that all of the Trust's claims against it, regardless of their titles, are based on the failure to comply with NRS Chapter 116, so they are governed by the three-year statute of limitations contained in NRS 11.190(3)(a).[16] Even if we apply Nevada's longer, four-year catch-all statute, SFR contends, the Trust's claims are still too late. In a separate motion to dismiss, the HOA argues that the Trust's negligence claims are barred by a two-year statute, and all other claims are governed—and thus barred—by a three-year deadline.[17] The HOA offers a host of additional reasons that the Trust's claims fail a Rule 12(b)(6) challenge, including that its contract-based claims fail because the Trust, which was a stranger to this property until its 2016 assignment, has identified no contract to base those claims on.[18]

I find that the bulk of the Trust's claims against SFR are equitable quiet-title claims that fall under the four-year catchall limitations period in NRS 11.220. Its unjust-enrichment claim was barred after four years, and its wrongful-foreclosure, misrepresentation, negligence, and

---

[13] *See* ECF No. 1. Although the tortious interference claim is captioned "Thirteenth Cause of Action," the claims skip from the eleventh to the thirteenth; there is no twelfth cause of action. *See id*. at 21.

[14] ECF No. 25.

[15] ECF No. 28.

[16] SFR never mentions the unjust-enrichment or tortious-interference claims in its motion, likely because this motion is a form one that SFR has filed nearly verbatim in countless similar cases. The Trust does not mention them in its response to SFR's motion either. The HOA, however, does challenge these claims, *see* ECF No. 11, and SFR joins in the HOA's motion. *See* ECF No. 21 at 2.

[17] ECF No. 11.

[18] *Id.*

tortious-interference claims expired three years after the foreclosure sale. Because the Trust waited more than four years to file this lawsuit, I dismiss all of these claims as time-barred. Although the Trust's breach-of-contract and breach-of-the-implied-covenant claims enjoy a longer six-year limitations period, the Trust has failed to plead facts to entitle it to third-party-beneficiary status for any contract, so I dismiss those claims with leave to amend. And since I am permitting limited amendment anyway, I also grant the Trust's request for leave to reflect in that amended complaint that PROF-2013-S3 Legal Title Trust V, by U.S. Bank National Association, is the true beneficiary of the deed of trust and to substitute that entity as the proper plaintiff in the caption.[19]

**Discussion**

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[20] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[21]

**A.    SFR's Motion to Dismiss [ECF No. 25]**

SFR contends that all of the Trust's claims against it are actually wrongful-foreclosure claims governed by the three-year statute of limitation in NRS 11.190(3)(a), which covers "action[s] upon a liability created by statute, other than a penalty or forfeiture."[22] Although the Trust's first and third claims have quiet title in their captions, SFR argues that "we are not

---

[19] ECF Nos. 52, 53.
[20] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).
[21] *Id.*
[22] ECF No. 25 at 4.

5

dealing with [] true" quiet-title claims because the Trust has only a lien interest; it never held title. Instead, the Trust's claims are "based solely on statute and compliance with same."[23] And even if we apply the longer, four-year catch-all statute, SFR contends, the Trust's claims are still six months late.[24]

### 1. The Trust's first four claims are equitable quiet-title claims.

The Trust characterizes its primary claims against SFR as ones "challenging the effect of the HOA Sale" and seeking "equitable relief in the form of a judicial declaration that the Deed of Trust survived the HOA Sale and is superior to the interest, if any, acquired by SFR at the HOA sale."[25] Such claims, the Trust contends, are quiet-title actions that "the Ninth Circuit and Nevada Supreme Court, as well as the courts in this District, have now confirmed" enjoy a five-year limitations period.[26]

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[27] Though the Trust's first four claims are separately titled (1) quiet title/declaratory relief, (2) declaratory relief, (3) quiet title, and (4) permanent and preliminary injunction, they are just various manifestations of a single claim for quiet title. The Trust's first, second, and third causes of action all primarily seek a declaration that the foreclosure sale did not extinguish the deed of trust, so SFR took the property subject to the Trust's lien.[28] Each claim contains the alternative

---

[23] *Id.*

[24] *Id.* at 6.

[25] ECF No. 30 at 5.

[26] *Id.*

[27] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[28] *See* ECF No. 1 at ¶¶ 87–89, 98–99, 108–109.

6

request for a declaration that the sale was invalid.[29] The Trust's fourth cause of action entitled "Permanent and Preliminary Injunction against Buyer" is not an independent claim for relief; it's simply a prayer for additional pre-judgment remedies based on the other, substantive-law claims.[30]

My conclusion that the Trust's substantive claims are for quiet title, not wrongful foreclosure, is based on the general purpose of these claims. Although the Trust pleads a dozen different theories on which it claims that its deed of trust could or should not have been extinguished (e.g., the notices violated NRS Chapters 107 and 116; those violations deprived the trustee of due process; NRS 116.3116's notice scheme is unconstitutional on its face; the sale was commercially unreasonable, in bad faith, fraudulent, unfair, or oppressive; the HOA violated NRS 116.1113; and SFR is not a bona fide purchaser), in the body of each cause of action the Trust pleads that it "is entitled" to various declarations about the continued viability of its deed of trust. And it asks for injunctive relief consistent with such findings. This requested equitable relief leads me to conclude that each of the Trust's claims is the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[31] The resolution of these claims is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support such action."[32] They are thus not

---

[29] *See id.* at ¶¶ 90, 100, 110.

[30] *See id.* at 14–15.

[31] *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[32] *Id.* at 1112.

7

wrongful-foreclosure tort claims for damages that would be barred by the three-year statute of limitations for actions upon a liability created by statute.

## 2. These quiet-title claims are time barred four years after the foreclosure sale.

With the nature of the Trust's first four claims sorted out, I next consider which statute of limitations governs them. The Trust argues that its quiet-title claim is governed by NRS 11.080, which provides for a five-year statute of limitations "from the date of the HOA Sale."[33] It is true that some quiet-title claims are governed by NRS 11.080, but not all of them are. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the recovery of the possession thereof other than mining claims . . . ."[34] But this is not an action for the recovery of property or its possession; if the Trust wins, it gets only a lien against the property. So NRS 11.080 has no application to the Trust's claims.

Although the Trust doesn't mention it, NRS Chapter 11 contains a second quiet-title bar in NRS 11.070, which provides a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[35] The Trust's claims would not fall under this statute either, however, because they are not founded upon title, rents, or services, but upon lien rights created by a deed of trust.

The Trust cites a handful of cases to argue that other trial courts in this district have found that quiet-title claims in Nevada carry a five-year limitations period.[36] With limited exceptions that don't apply here, trial-court opinions are not binding on other trial judges within

---

[33] ECF No. 30 at 5.

[34] Nev. Rev. Stat. § 11.080.

[35] Nev. Rev. Stat. § 11.070; *see also Bank of Amer. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).

[36] *See* ECF No. 30 at 4–6.

8

this district.[37] The Trust's superficial discussion of other trial-court orders on this issue[38] has not persuaded me that I should follow these other judges' lead.

The Nevada Supreme Court's holding in *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*[39] is not helpful to the Trust's position. In it, the Court noted that Saticoy Bay's quiet-title claims would be governed by NRS 11.080's five-year limitations period. But Saticoy Bay was the foreclosure-sale purchaser seeking possession of the property; it was not a mere lienholder like the Trust.[40] The Ninth Circuit panel's dicta statement in *Weeping Hollow Avenue Trust v. Spencer* that "[u]nder Nevada law," the foreclosed-upon homeowner "could have brought claims challenging the HOA foreclosure sale within five years of the sale," and its citation to NRS 11.070 (which governs title-founded claims) are similarly irrelevant to the Trust's challenge as a lienholder, not a titleholder.[41] So I am not persuaded that any of Nevada's quiet-title statutes of limitation apply to the Trust's claims.

---

[37] L.R. IA 7-3(f) ("A decision by one judge in this district is not binding on any other district judge . . . and does not constitute the rule of law in this district.").

[38] *See* ECF No. 30 at 5–6.

[39] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).

[40] The Trust's reliance on the Ninth Circuit's unpublished disposition in *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015), *see* ECF No. 30 at 5, is inapposite for the same reason. The Scotts were property owners who claimed "superior title to the subject property." *Scott*, 2015 WL 657874, *1.

[41] The Trust represents that the Nevada Supreme Court stated in *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, that "Under Nevada law, the borrower could have brought claims challenging the HOA foreclosure sale within five years of the sale," ECF No. 30 at 4, but that quote comes from *Weeping Hollow*, *see* 831 F.3d at 1114, not *Shadow Wood*.

With no squarely applicable limitations statute, I am left with the catch-all four-year deadline in NRS 11.220.[42] Because the foreclosure sale took place on January 4, 2013, and this action was filed more than four and a half years later, the Trust's quiet-title claim is time barred.

In a final effort to save its quiet-title claim, the Trust tries to push back the trigger date, arguing that this claim didn't begin to accrue until the Nevada Supreme Court decided the *SFR* case in 2014 because it didn't know until then that such foreclosure sales extinguish deeds of trust.[43] The notion that *SFR* announced a new rule was rejected by the Nevada Supreme Court in *K&P Homes v. Christiana Trust* when it explained that the *SFR* decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively."[44]

Lenders were well aware of NRS 116.3116 long before *SFR*.[45] As the Trust alleges in its complaint, its predecessor in interest, Bank of America, tendered the superpriority-lien portion of the overdue assessments to the HOA's agent in 2012 in an attempt to stave off foreclosure, demonstrating that the Bank that held the deed of trust at the time of the sale and for years later

---

[42] NRS 11.220 states, "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

[43] *See* ECF No. 30 at 7–8.

[44] *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017).

[45] *See SFR*, 334 P.3d at 414 (noting that the Trusts could have easily avoided the effects of NRS 116.3116's lien-extinguishment feature by paying off the HOA liens "to avert loss of [their] security" or by establishing "an escrow for [HOA] assessments to avoid having to use [their] own funds to pay delinquent dues."); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (D. Nev. Mar. 31, 2016) (proposing two more ways for a bank to avoid losing its lien interest by HOA foreclosure: "It could attend the statutorily-required public auction and purchase the property. Additionally, if the HOA or its agent refuses to provide the superpriority lien amount or to accept payment, the lienholder could sue for a declaration of the superpriority amount and to require the HOA to accept that amount in satisfaction of the superpriority lien.").

10

was well aware of NRS 116.3116 and its operation.[46] Because the *SFR* decision did not change or redefine the Trust's rights or obligations under Nevada's non-judicial foreclosure scheme, it was the foreclosure sale—not the *SFR* decision—that started the Trust's four-year clock running. Accordingly, I grant SFR's motion and dismiss the Trust's first through fourth[47] causes of action as time barred.

**B.     The HOA's Motion to Dismiss [ECF Nos. 11, 24]**

The HOA begins its motion to dismiss by challenging the timeliness of all of the Trust's claims. The reasons that I dismissed the quiet-title claim against SFR apply equally to those claims as pled against the HOA, so I start with the Trust's fifth cause of action for unjust enrichment, and I move through its remaining claims for wrongful/defective foreclosure, negligence, negligence per se, breach of contract, misrepresentation, breach of the covenant of good faith and fair dealing, and tortious interference with contract.[48] Because this lawsuit was filed more than four years after the foreclosure sale in which each claim is grounded, any claim subject to a statutory period of four years or less is time barred.

The Trust's unjust-enrichment claim is time barred because the statute of limitations for an unjust enrichment claim in Nevada is four years.[49] A three-year deadline bars the Trust's

---

[46] *See* ECF No. 1 at ¶¶ 22–24.

[47] Because the Trust's fourth cause of action, entitled "Injunctive Relief against SFR," ECF No. 1 at 13, is more accurately characterized as the requested remedy for the substantive claim against SFR pled in the Trust's first cause of action, it rises and falls with this quiet-title claim. And because that substantive claim is time barred, I dismiss this injunctive relief "claim" as time barred, too.

[48] SFR filed a limited opposition to the HOA's motion, arguing that the court should not dismiss the claims against the HOA without dismissing the claims against SFR. ECF No. 21. The HOA contends that SFR has no right to oppose its motion and moves to strike SFR's response. ECF No. 24. Because I am dismissing all claims against SFR, I did not consider SFR's arguments in response to the HOA's motion to dismiss, so I deny the motion to strike.

[49] *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (citing NRS 11.190(2)(c)).

11

wrongful-foreclosure,[50] misrepresentation,[51] and tortious-interference[52] claims.[53] So I grant the motion to dismiss its fifth, sixth, tenth, and thirteenth causes of action.

The four-and-a-half-year delay in filing this action is fatal to the Trust's negligence and negligence per se claims, too. Negligence claims in Nevada are typically governed by NRS 11.190(4)(e)'s two-year statute of limitations. But because the duties that underlie these claims as pled are all obligations created by NRS Chapters 107 and 116,[54] these claims fall instead under the longer three-year period in NRS 11.190(3)(a), which applies to "an action upon a liability created by statute, other than a penalty or forfeiture."[55] As the Nevada Supreme Court explained in *Torrealba v. Kesmetis*,"[t]he phrase 'liability created by statute' means a liability [that] would not exist but for the statute. Where a duty exists only by virtue of a statute[,] the obligation is one created by statute.'"[56] So I also dismiss the Trust's seventh and eighth causes of action as time barred.[57]

---

[50] *See Bank of New York Mellon v. Tiera De Las Palmas Owners Ass'n*, 2018 WL 2292525, *3 (D. Nev. May 18, 2018).

[51] Nev. Rev. Stat. § 11.190(d) (three-year statute of limitation for "an action for relief on the ground of fraud or mistake").

[52] *Stalk v. Mushkin*, 199 P.3d 838, 842 (Nev. 2009) (noting that interference-with-contractual-relations claims are governed by the "three-year statute of limitations set forth in NRS 11.190(3)(c)").

[53] The Trust argues that the four-year catch-all statute of limitations applies to its wrongful foreclosure and negligence-based claims, *see* ECF No. 13 at 7, but even that longer period doesn't save these claims, which were four-and-a-half years old when filed.

[54] *See, e.g.,* ECF No. 1 at ¶ 145 (incorporating into negligence claim the allegations that the defendants failed to comply with NRS Chapter 116's provisions about notice, lien amount, and opportunity to cure), ¶150 (alleging negligence-per-se claim based on breach of "the statutory duties imposed by NRS Chapter 116").

[55] Nev. Rev. Stat. § 11.190(3)(a).

[56] *Torrealba v. Kesmetis*, 178 P.3d 716, 722 (Nev. 2008).

[57] Because I am dismissing all but the Trust's contract-based claims as time-barred, I need not and do not reach SFR's or the HOA's remaining arguments on these claims.

The dismissal of these claims leaves only the Trust's contract-based claims. NRS 11.190(1)(b) imposes a generous six-year limitations period on actions "upon a contract, obligation or liability founded upon an instrument in writing."[58] The Trust's claims for breach of contract and breach of the implied covenant are based on the written and recorded CC&Rs, which the Trust alleges contained "duties, obligations, and promises, covenants, and conditions, express and implied" violated "by the circumstances" surrounding the foreclosure sale.[59] Because those claims were filed within the six-year statutory period, they are timely.

But the HOA also argues that these claims fail because there is no contract between it and the Trust.[60] The Trust responds that it has sufficiently alleged such a relationship—it "and similar lenders" were "the intended third party beneficiaries of the CC&Rs."[61] To qualify for third-party-beneficiary status in Nevada, "there must clearly appear a promissory intent to benefit the third party, and ultimately it must be shown that the third party's reliance thereon is foreseeable."[62] Showing that a stranger to the contract "only . . . incidentally benefited by the performance of the agreement is insufficient."[63] In federal court where we apply the plausibility standards developed in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*,[64] this means that the plaintiff must plead true facts from which the court can reasonably infer promissory intent and foreseeable reliance.[65]

---

[58] Nev. Rev. Stat. § 11.190(1)(b).

[59] ECF No. 1 at ¶¶ 161, 177.

[60] ECF No. 11 at 15.

[61] ECF No. 13 at 17.

[62] *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824–25 (Nev. 1977) (internal citations omitted).

[63] *Id*.

[64] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[65] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

The Trust's complaint lacks those facts. It pleads only the conclusory allegation that it "was an intended beneficiary of the HOA's CC&Rs."[66] This formulaic recitation of third-party-beneficiary status is not enough to make the Trust's contract-based claims plausible. So I grant the HOA's motion to dismiss the Trust's ninth and eleventh claims for relief, too, but I do so with leave to amend these claims if the Trust can allege true facts to support proper contract-based claims.

## C. The Trust's Motion to Substitute Party [ECF Nos. 52, 53]

The Trust also moves to substitute PROF-2013-S3 Legal Title Trust V (Trust V) for the current plaintiff PROF-2013-S3 Legal Title Trust or, alternatively, to allow Trust V to intervene.[67] The Trust represents that the deed of trust was assigned to Trust V on February 14, 2018, making Trust V the real party in interest.[68]

This motion was filed after the January 23, 2018, deadline for moving to amend expired.[69] Although Rule 15 counsels trial courts to permit liberal amendment, when a motion for leave to amend is filed after the scheduling order's deadline for amendment, "the moving party must satisfy the 'good cause standard'" instead.[70] "Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the

---

[66] ECF No. 1 at ¶¶ 160, 176.

[67] ECF No. 53.

[68] *Id*. at 3.

[69] *See* ECF No. 26 at 3.

[70] *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

14

prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[71]

I find good cause to permit this substitution because the transfer of interest happened after the amendment-deadline passed. And since I am affording the Trust the opportunity to amend its contract-based claims anyway, a concurrent substitution will be judicially economical. So, I grant the Trust's motion to substitute Trust V as the plaintiff in place of the Trust and to amend the caption to reflect this new real party in interest.

**D.  All Remaining Motions [ECF Nos. 31, 32, 40, 56, 57, 58, 60]**

My dismissal of all of the Trust's claims with very limited leave to amend has mooted all remaining motions. Accordingly, I deny all remaining motions without prejudice as moot.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that

August Belford & Ellingwood Homeowners Association's Motion to Dismiss Complaint **[ECF No. 11] is GRANTED in part,** and its Motion to Strike SFR's Limited Response to its Motion to Dismiss **[ECF No. 24] is DENIED**;

SFR Investments Pool 1, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) **[ECF No. 25] is GRANTED**;

Plaintiff U.S. Bank and Proposed Substituted Plaintiff U.S. Bank V's Motion to Substitute Party **[ECF No. 52] is GRANTED**, so the Alternative Motion to Intervene **[ECF No. 53] is DENIED** as moot;

**All of the Trust's claims are DISMISSED with prejudice as time-barred, except for its ninth and eleventh causes of action (breach of contract and breach of the implied**

---

[71] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**covenant), which are dismissed without prejudice and with leave to amend.** The Trust has 10 days to file an amended complaint amending only its contract-based claims, and it may amend the caption in that complaint to reflect PROF-2013-S3 Legal Title Trust" as the newly substituted plaintiff. If the Trust fails to file an amended complaint by this deadline, the court will construe that failure as an abandonment of these contract-based claims and close this case.

IT IS FURTHER ORDERED that all other pending motions and an associated request for judicial notice **[ECF Nos. 31, 32, 40, 56, 57, 58, 60] are DENIED as moot**.

Dated: May 31, 2018

_____
U.S. District Judge Jennifer A. Dorsey