# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Prof-2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee,<br><br>Plaintiff<br><br>v.<br><br>SFR Investments Pool 1, LLC; Augusta Belford and Ellingwood Homeowners Association, a Nevada Domestic Non-profit Corporation; Nevada Association Services, Inc., a Nevada Domestic Corporation,<br><br>Defendants | Case No.: 2:17-cv-02079-JAD-PAL<br><br>**Order Dismissing and Closing Case**<br><br>[ECF Nos. 66, 67] |

In *SFR Investments Pool 1 v. US Bank*, the Nevada Supreme Court held that a properly conducted foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust.[1] Prof-2013-S3 Legal Title Trust, by its trustee U.S. Bank, brings this diversity action to challenge the effect of the 2013 non-judicial foreclosure sale of a home in the Ellingwood subdivision of the Mountain's Edge community in Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage on the property. The Trust initially sued the Augusta Belford and Ellingwood Homeowners' Association (the HOA); Nevada Association Services (NAS), the HOA's agent that conducted the foreclosure sale; and SFR Investments Pool I, LLC, who purchased the property at the foreclosure sale. But on motions by SFR and the HOA, I dismissed all of the Trust's claims, save its contract-based ones, as time-barred. And

---

[1] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

because the contract-based claims hinge on the Trust's ability to claim third-party beneficiary status, for which it pled no facts, I dismissed those claims with leave to amend.[2]

The Trust timely amended its complaint, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing.[3] The HOA now moves to terminate those claims by dismissal or summary judgment. Because I conclude that the Trust has failed to plead plausible claims, I grant the motion to dismiss and close this case.

## Background

The Trust is the beneficiary of a deed of trust securing a 2010 loan on the home at 9040 Leland Ranch Avenue in Las Vegas, Nevada, after a series of assignments to U.S. Bank Trust entities beginning in 2014.[4] The home is located in the Ellingwood at Mountain's Edge common-interest community and subject to the Augusta Belford and Ellingwood Homeowners' Association's codes, covenants, and restrictions (CC&Rs), which require the owners of property within this planned development to pay certain assessments.[5] When the assessments on this home became delinquent, the HOA, through its agent NAS, commenced non-judicial foreclosure

---

[2] ECF No. 61.

[3] ECF No. 62. Although the amended complaint purports to plead the bad-faith claim against the HOA *and NAS*, the Clerk has entered default against NAS, *see* ECF No. 50, and NAS is not a party to the CC&Rs. A number of paragraphs and assertions tied to the previously dismissed claims have remained in the amended complaint in apparent error. *See, e.g.*, ECF No. 62 at ¶ 6 (retaining SFR as a defendant though all claims against SFR were dismissed with prejudice at ECF No. 61); ¶¶ 60–67 (challenging the constitutionality of NRS Chapter 116's foreclosure scheme). The retention of defaulted NAS as a defendant is likely just such an error. But even if NAS were intentionally included, I would dismiss the claim against it for the same reasons that I dismiss the claim against the HOA because the defects in the claim are not defendant-specific.

[4] *See* ECF Nos. 62-5–62-8.

[5] ECF No. 62-9 (CC&Rs).

proceedings under Chapter 116 of the Nevada Revised Statutes. The foreclosure sale occurred on January 4, 2013.[6]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[7] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[8] So, when the HOA foreclosed on this home in 2013, the Trust's deed of trust was extinguished by operation of statute.

The Trust sues to revive that security interest. Its original theory was mainly that the statutory non-judicial foreclosure procedure in NRS 116.3116 violates due process, but that theory and all the Trust's claims based on that theory were dismissed as time-barred because it waited more than four years after the foreclosure sale to file this lawsuit.[9] The staleness of the bulk of the Trust's claims has left it with contract-based claims only. The Trust theorizes that the HOA breached the CC&Rs for the property (of which the Trust, as a security-interest holder, is a third-party beneficiary) and the covenant of good faith and fair dealing implied in that contract by foreclosing on the superpriority portion of its lien and thereby extinguishing the Trust's interest when the CC&Rs promise to protect the first trust deed.[10] The HOA now moves to

---

[6] ECF No. 62-13.

[7] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

[8] *SFR*, 334 P.3d at 419.

[9] ECF No. 61.

[10] *See* ECF No. 62 at ¶¶ 86, 94 (which contain only the conclusory allegation that the CC&Rs were breached "by the circumstances under which they conducted the HOA Sale of the Property."); ECF No. 70 at 8–12 (theorizing that the HOA could have chosen instead to foreclose on the non-superpriority amount of the lien only so that the Trust's security interest would remain intact as the HOA promised in the CC&Rs' mortgage-protection provisions).

3

dismiss these amended claims as insufficiently pled and alternatively for summary judgment because they fail as a matter of Nevada law.[11]

**Discussion**

**A.   Motion to Dismiss**

When I gave the Trust leave to amend its contract-based claims, it was to allow it an opportunity to plead facts to support its theory that it is an intended third-party beneficiary of the HOA's promises in the CC&Rs.[12] To qualify for third-party-beneficiary status in Nevada, "there must clearly appear a promissory intent to benefit the third party, and ultimately it must be shown that the third party's reliance thereon [wa]s foreseeable."[13] Showing that a stranger to the contract "only . . . incidentally benefited by the performance of the agreement is insufficient."[14] In federal court, where we apply the plausibility standards developed in *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*,[15] this means that the plaintiff must plead true facts from which the court can reasonably infer promissory intent and foreseeable reliance.[16]

Despite amendment, the Trust's complaint still lacks facts suggesting the foreseeability of its reliance on the CC&Rs when it received the assignment of this deed of trust. The Trust pleads only the conclusory allegation that "It was foreseeable and likely that provisions in the publicly recorded CC&Rs would be relied upon by U.S. Bank."[17] This is a "threadbare recital[]"

---

[11] ECF Nos. 66, 67. The Trust opposes the motion. ECF Nos. 70, 71.
[12] *See* ECF No. 61 at 14.
[13] *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824–25 (Nev. 1977) (internal citations omitted).
[14] *Id.*
[15] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[16] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).
[17] ECF No. 62 at ¶¶ 85, 93.

of one of the elements of a third-party-beneficiary contract theory, and *Twombly* teaches that it is not entitled to an assumption of truth.[18] Without any facts to support the foreseeability of its reliance, the Trust has not "nudged" its third-party-beneficiary theory "across the line from conceivable to plausible"[19] as it must to survive dismissal. So I grant the motion and dismiss the amended complaint.

**B.    Motion for Summary Judgment**

Having granted the HOA's motion to dismiss, I need not reach its alternate summary-judgment arguments. But even had I concluded that the Trust has pled plausible claims based on third-party-beneficiary status, those claims would not survive summary judgment.

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[20] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[21] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[22] If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[23] "To defeat summary judgment, the nonmoving

---

[18] *Iqbal*, 556 U.S. at 678.

[19] *Id.* (quoting *Twombly*, 550 U.S. at 570).

[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[21] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[22] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[23] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[24]

The Trust's theory for these remaining claims is that the HOA breached its promise in the CC&Rs to protect the deed of trust when it chose to extinguish that security interest by foreclosing on its superpriority lien.[25] It relies on sections 4.14 and 10.1 of the CC&Rs (commonly known as mortgage-savings clauses[26]), which declare that the first-position security interest, if recorded before any assessment delinquency, will not be defeated or invalidated by any CC&R provision, "[e]xcept as provided in Section 4.12 . . . ."[27] The Trust avers that these provisions "establish that a homeowner's association foreclosure sale does not extinguish a first position Deed of Trust and that title to the Property is sold subject to that Deed of Trust"[28] because they contain the HOA's "election and promise to enforce only its subpriority assessment lien."[29] But in the 2014 *SFR* case, the Nevada Supreme Court found that nearly verbatim mortgage-savings provisions do "not affect NRS 116.3116(2)'s application" because Chapter 116's provisions—specifically including an HOA's right to enforce its superpriority lien—cannot be waived or varied.[30]

Even assuming that the Trust's claims are not foreclosed by the Nevada Supreme Court's conclusion in *SFR* that Nevada law "prohibits an HOA from waiving its superpriority lien

---

[24] *Sonner v. Schwabe No. Amer., Inc.*, __ F. 3d __, 2018 WL 6786616 at *2 (9th Cir. Dec. 26, 2018).

[25] ECF No. 70 at 8–12.

[26] *See SFR*, 334 P.3d at 418.

[27] ECF No. 70 at 6; ECF No. 62-9 (CC&Rs).

[28] ECF No. 70 at 9.

[29] *Id*. at 12.

[30] *SFR*, 334 P.3d at 419.

right,"[31] the Trust's theory fails. When read together, the provisions in the CC&Rs[32] cannot reasonably be construed to obligate the HOA to exercise its lien rights in a way that protects the mortgagee's interest over its own. Critical to a full understanding of the CC&R provisions are the other sections referenced in the mortgage-savings clauses. Section 4.12, referenced directly in 4.14 and indirectly in section 10.1, states that the HOA's liens are prior to all other liens and encumbrances except for first deeds of trusts recorded before the assessment delinquency "[o]ther than as provided in Section 4.13 . . . . ."[33] And Section 4.13 essentially tracks the language in 116.3116(2)'s superpriority provision.[34] Add to those clauses section 12.13, which states that "[i]t is the intent of Declarant that" the CC&Rs "be in all respects consistent with, and not in violation of, applicable provisions of NRS Chapter 116," and that any provision that violates Chapter 116 "shall be deemed automatically modified or severed . . . ."[35]

When the CC&Rs make it this clear that any first-trust-deed interest is subordinate to the HOA's superpriority-lien interests and subject to NRS Chapter 116, it is not reasonable to interpret the CC&Rs as the Trust does—as a promise by the HOA not to enforce its superpriority lien rights by foreclosure.[36] This conclusion is consistent with the Nevada Supreme Court's unpublished holding nine months ago in *Nationstar Mortgage, LLC v. San Pablo CT Trust* that CC&R provisions nearly identical to those in this case, "when read together," could not

---

[31] *Nationstar Mortgage, LLC v. San Pablo Ct. Trust*, 2018 WL 2272954, *1 (Nev. May 15, 2018) (unpublished disposition).

[32] The CC&Rs are attached to and incorporated into the amended complaint. ECF No. 62-9.

[33] ECF No. 62-9 at 23.

[34] *Id*.

[35] ECF No. 62-9 at 43.

[36] This interpretation is also consistent with that ascribed by other judges in this district. *See Christiana Trust v. SFR Investments Pool 1, LLC*, No. 2:16-cv-684-GMN-CWH, 2018 WL 6603643, *10 (D. Nev. Dec. 17, 2018) (collecting cases).

7

"reasonably be construed as an indication that the HOA chose to conduct a subpriority-only sale."[37]  Accordingly, because the Trust cannot establish that the HOA breached a promise in the CC&Rs[38] or that the Trust was denied its justified expectations under the CC&Rs,[39] its claims for breach of contract and breach of the implied covenant of good faith and fair dealing fail as a matter of law.

## Conclusion

IT IS THEREFORE ORDERED that the Augusta Belford & Ellingwood Homeowners Association's Motion to Dismiss First Amended Complaint or in the Alternative, Motion for Summary Judgment **[ECF Nos. 66, 67] is GRANTED.**  All claims are DISMISSED with prejudice.  The Clerk of Court is directed to ENTER JUDGMENT in favor of the defendants and CLOSE THIS CASE.

Dated: January 11, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[37] *San Pablo CT Trust*, 2018 WL 2272954 at *1; *see also U.S. Bank v. SFR Investments Pool 1, LLC*, 2018 WL 1448248 (Nev. March 15, 2018) (unpublished disposition) (wherein the court similarly was "not persuaded by U.S. Bank's proffered interpretation" of the same mortgage-savings provisions and rejected the bank's argument that these clauses are evidence that the HOA chose "to conduct a subpriority-only foreclosure").  Though these decisions are unpublished, I find their rationale persuasive and that, if presented with the instant case, the Nevada Supreme Court would reach the same result.

[38] *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (citing *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919–20 (D. Nev. 2006)) ("Under Nevada law, "the plaintiff in a breach of contract action [must] show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.").

[39] *See Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991) ("When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith.").